RICHARD HOWELL, Appellant, *v.* HENRY N. HENDERSON, Respondent.

*Negligence — a person injured on a private walk — proof required that it was unsafe for a length of time sufficient to charge the owner with notice thereof.*

The construction by private owners of a board walk between their two respective rows of buildings used for business purposes during the summer season at a seashore resort, is an invitation to the public to use it in going to the places of business on either side of it, and imposes upon the owners the duty of keeping it in a suitable condition.

Where, in an action to recover damages for an injury sustained in falling into a hole in the planking of the walk, it appears that the hole, after existing for some time, had been covered by a piece of board being nailed over it which made the walk safe, the plaintiff, subsequently injured by falling into the hole from which the board had been removed, must show that it was removed a sufficient length of time before the accident to charge the owner with knowledge thereof.

APPEAL by the plaintiff, Richard Howell, from an order of the Supreme Court, made at the Kings County Trial Term and entered in the office of the clerk of the county of Kings on the 22d day of March, 1897, setting aside the verdict of a jury and granting the defendant's motion for a new trial made upon the minutes.

*E. J. McCrossin,* for the appellant.

*Almet F. Jenks* [ *William E. C. Mayer* with him on the brief], for the respondent.

BRADLEY, J.:

The action was founded on the charge of negligence of the defendant, resulting in personal injury to the plaintiff. The jury rendered a verdict of $1,000 for the plaintiff. The motion to set it aside and for a new trial was made upon the grounds that the verdict was contrary to the evidence and excessive. The motion was granted mainly on the ground that the verdict was against the evidence, as appears by the opinion of the court. The plaintiff, by slipping into a hole in a plank walk, received an injury to his leg. The walk was not in a public street, but it was about thirty feet in width, between two rows of buildings used for business purposes during the open season at Coney Island. The defendant was the owner at that place of buildings on one side, and John A. Cook owned buildings on the

other side of the walk, which was constructed and maintained by them, respectively, to the center of the walk, for the purpose of access by people to their places of business. The place where the plaintiff received his injury was on that side of the walk which was on. the defendant's premises and was maintained by him. And if the plaintiff's injury was attributable solely to the negligence of the defendant, he was liable.

The plaintiff, early in the season, had rented of Mr. Cook a pavilion, in which he had a bicycle school. This pavilion was opposite the place where he was injured. He testified that he had seen holes in the walk sometime before, but could not tell whether the one he stepped into was a hole he had seen, and did not state that any one of those he had seen was on the defendant's side of the walk. This accident occurred on October 23, 1895. Another witness on the part of the plaintiff testified that he saw this hole five or six weeks before that time; that it was two and a half feet long and four inches in width. Another witness testified that he saw the hole about six weeks before the accident, and that it seemed to be a rotten hole. This constituted substantially the evidence on the part of the plaintiff relating to the condition of the walk at that place.

On the part of the defendant, the evidence of Mr. Cook, the plaintiff's landlord, was that at a time, which might have been a few days or a few weeks before the accident, the plaintiff called his attention to the hole in the walk, and on being asked by the witness whether he would not be kind enough to nail a piece of board over it, said he would. Another witness, who was a carpenter in the employ of the defendant, testified that about a month before the accident he saw the hole and was then ordered to repair it; that he went. there for that purpose and when he got there found that a board had been nailed over the hole; that his duty was to look after the walk and keep it in repair; that he went over the walk nearly every day, but thinks he was not on that portion of the walk the day of the accident, and had not observed that the board nailed over the hole did not remain there until the morning following the occurrence in question, when he saw that it was gone. The evidence of both this witness and Cook was that they then saw the nails sticking up in the plank there where the board had been nailed over the hole. The defendant testified that his attention was called

to the hole sometime before the accident; that he ordered the carpenter (whose testimony is above referred to) to repair it; that he afterwards saw that it was repaired by having a hardwood board nailed over it; that within a week before the accident he saw the board remaining over the hole, and that his attention was not called to the fact that the cover had been removed from it. He further adds that he closed his business on the premises there that season about the fifteenth of September, and that thereafter he was about there two or three times a week and less frequently than before the close of the Coney Island season.

There is substantially no conflict in the evidence other than that relating to the condition of the plank at the place where the hole was. While some of the plaintiff's witnesses say that it was rotten there, those on the part of the defendant testify that the plank was sound and that the hole was made by a piece being split off.

This walk constructed there was an invitation to the public to use it in going to the places of business on either side of it; and for the safety of travel upon it the defendant assumed the duty of keeping his side of it in suitable condition for the purpose. When the plaintiff rested, the evidence on his part was such as to make a fair case for the jury. But by the evidence on the part of the defendant a somewhat different complexion was given to it. If this place in the walk was repaired and covered as the evidence tended to prove, it was thus rendered safe there until the board nailed over the hole was removed. The difficulty arises from the failure of proof to show when it was removed or that it was removed a sufficient time before the accident to charge the defendant with notice of the exposed condition and consequently with neglect for not repairing it. It may be said that the relation of the carpenter to the service of the defendant was such as to raise the question of his credibility for the consideration of the jury, and that in view of the interest of the defendant they might discredit his evidence. This may be assumed, except so far as their evidence was corroborated by that of other and disinterested witnesses and by circumstances deemed reliable.

The witness Cook, so far as appears, had no interest in the subject of the controversy. He says that when his attention was called to the hole in the walk by the plaintiff, the latter, in response

to his suggestive inquiry, said he would nail a piece of board over the hole. The plaintiff neither denies that he had such an interview with Mr. Cook and made such promise, nor that he did nail a board over the hole. If such were not the fact he knew it, and, in view of the evidence that was given to the effect that a board was found there when the carpenter went to make the repairs, it is quite reasonable to suppose that he would by his testimony have so stated. Then the fact that a board may at some time have been nailed over the hole was indicated by the projecting nails appearing at that place in the plank on the morning after the occurrence. This is also an established fact. The conclusion, therefore, is fairly required that the hole had been covered by a board nailed over it, and that, while it remained so covered, the condition of the walk at that place was safe and suitable for travel upon it. And it would also reasonably follow that the time referred to by the witnesses on the part of the plaintiff as that when they saw the hole was before it was so covered.

The further question is, when was this board removed or was the defendant chargeable with notice of its removal before the accident? This question does not appear to have been answered by any evidence.

The plaintiff had the burden of showing that his misfortune was occasioned by the negligence of the defendant. And for that purpose he was required to give evidence to warrant the conclusion that the defendant was advised of the dangerous condition of the walk at the place in question before the accident, or that it had existed for such length of time before then as to charge him with want of care in permitting it to so remain. This is not a fact for inference, but for affirmative evidence tending to prove it. There seems to be no evidence fairly considered for its support. For aught that appears, this board may have been removed from its place as a cover of the hole the very day of the accident and shortly before it occurred.

We recognize the rule, as suggested by the learned counsel for the plaintiff, that where a fair question of fact is presented by evidence its determination is for the jury, whatever view the court may have of the merits of the controversy on which the question arises or of the preponderance of evidence, unless the verdict be

such as to evince that it was the result of passion, prejudice or mistake, or other abuse of the power of the jury.   In the view taken of the present case, the plaintiff failed to support the charge of negligence of the defendant by evidence sufficient to warrant a recovery.

The order should, therefore, be affirmed.

All concurred.

Order granting new trial affirmed, with costs.